POLEN, Judge.
Appellant, Counterplaintiff, Advanced Risk Management Inc. (ARMI) appeals from a final order of a partial summary judgment, dated January 26, 1994, granting the plaintiff’s motions as to counts 6 (rescission) and 7 (declaratory judgment) of their first amended complaint as well as count I (breach of contract) of defendant’s counterclaim and cross-claim, such claim being dependent upon the existence of a valid contract. We reverse.
This dispute arose out of a contract entitled “Service Agreement,” entered into on October 22, 1991, between ADVANCED RISK MANAGEMENT, INC. (ARMI) and FREDERICK R. PROUT, DAN WEBBER, AND LAWRENCE J. MARCHBANKS, as Trustees of the ASSOCIATED BUSINESS AND COMMERCE WORKERS COMPENSATION SELF-INSURANCE TRUST FUND (the TRUSTEES). Pursuant to the service agreement, ARMI was to act as the workers’ compensation service company for the TRUSTEES for a five-year, renewable period. According to the terms of the service agreement, the TRUSTEES agreed to pay ARMI a service fee in exchange for ARMI providing the services necessary for the maintenance, operation, and conduct of the day-to-day business of the FUND, as outlined in the service agreement, and pursuant to Rule 38F of the Florida Administrative Code.
It is undisputed between the parties that prior to and during the negotiation and execution of the service agreement between the TRUSTEES and ARMI, ARMI represented to the TRUSTEES that it was licensed and qualified under all applicable laws and regulations to perform claims administration and all other functions of a service company. However, the background and facts leading up to this appeal stem from a complaint filed by the TRUSTEES. Pursuant to the initiation of that lawsuit, the parties engaged in discovery, during the course of which the TRUSTEES discovered evidence to suggest that neither ARMI nor its employees were properly licensed, appointed, and approved at the time the parties entered into their contract.
The TRUSTEES moved for summary judgment on the basis that ARMI and its president, Nelle Jackson, were not properly licensed, appointed, and approved by the Department of Insurance and the Department of Labor, and therefore could not act as a service company pursuant to Florida Administrative Code Rule 38F-5.031 and section 626.112, Florida Statutes. The TRUSTEES alleged that because of these violations and misrepresentations, the service agreement between the TRUSTEES and ARMI was void and unenforceable as a matter of law. The trial court entered summary judgment in favor of the TRUSTEES as to their rescission and declaratory relief counts. The trial court’s findings appear to be based on ARMI’s misrepresentation of their insurance adjuster’s license status, and that the Department of Labor (DOL) should not have qualified Nelle Jackson (ARMI’s principal) for a license, and therefore ARMI’s contract with the TRUSTEES was void ab initio.
Chapter 626, Florida Statutes, also referred to as the “Licensing Procedures Law,” is a regulatory statute governing the requirements for individuals and corporations seeking to be authorized by the State of Florida to provide claims adjusting services. The relevant sections are Sections 626.112(1) and (3), which provide as follows:
(1) No person shall be, act as, or advertise or hold himself out to be an insurance agent, customer representative, solicitor, or adjuster unless he is currently licensed and appointed.
(3) No person shall act as an adjuster as to any class of business for which he has not been licensed and appointed.
Section 626.869(3), Florida Statutes, provides:
*913 A limited license ... as an independent or public adjuster may only be issued to and retained by an employee of an independent or public adjusting firm which is supervised by a duly appointed all-lines adjuster or an employee of an independent or public adjuster licensed and appointed in all lines of insurance other than life and annuity.
In the instant case, the TRUSTEES contend that despite having held herself out to possess the required license, Nelle Jackson never met those qualifications. Thus at the heart of the TRUSTEES’ argument is its contention that ARMI’s license ought to be deemed invalid.
Conversely, ARMI contends that the only regulatory license required of workers’ compensation service companies is a certification issued by the Department of Labor (DOL), and that it was in compliance with this requirement. The regulatory scheme governing the licensure of service companies is set forth in its entirety in Rule 38F pursuant to the legislative mandate of section 440.591, Florida Statutes, which delegates to the Workers’ Compensation Division of the DOL “the authority to adopt rules to govern the performance of any programs, duties or responsibilities with which it is charged under this chapter.” In the instant case, based on the facts of the record, it is clear that ARMI did have a DOL certification to act as a workers compensation service company.
At bar, there appears to be considerable confusion regarding whether Rule 38F or Chapter 626 is controlling as to whether or not Nelle Jackson actually had a valid license. Since the validity of her license will turn on a determination of which controls, and since the parties are not in agreement on this point, there are genuine issues of material fact in dispute which would preclude the trial court from making its summary judgment ruling.
We therefore reverse and remand this case to the trial court to resolve these issues.
STONE, J., and DONNER, AMY STEELE, Associate Judge, concur.